IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID STARR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00350 |
| | § | |
| JDFW (VANTAGE) LLC, | § | |
| | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

Plaintiff David Starr ("Starr") files this Original Complaint against Defendant, JDFW (Vantage), LLC ("JDFW") for trademark infringement and unfair competition. Starr owns the state-registered VANTAGE mark for construction and repair services. Starr, along with his exclusive licensees, develop properties under the VANTAGE mark, with a particular standard branding scheme. Namely, for each property, Starr names the property "Vantage at [location]" so that his properties have a common name, look, and feel. For example, Vantage at Stone Creek, as shown below:

1



Defendant has been infringing, and continues to infringe, Plaintiff's trademark by developing and leasing properties under the Vantage name. For example, Defendant has established a Vantage at Spring Creek property that is using Starr's trademark and naming convention, as shown below:



Plaintiff files this complaint against Defendant for trademark infringement both under federal and common law and unfair competition under the laws of the State of Texas and common law. Plaintiff seeks injunctive relief and damages.

## PARTIES

1. Plaintiff, David Starr ("Plaintiff" or "Starr") is an individual resident of Bexar County, Texas.

2. Defendant, JDFW (Vantage), LLC ("Defendant" or "JDFW") is a Delaware limited liability company registered to do business in Texas that may be served with process by serving its Registered Agent, CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

## JURISDICTION AND VENUE

3. This is a trademark infringement action brought pursuant to the trademark laws of the United States, known as the Lanham Act, Title 15, United States Code § 1051 *et seq*. with supplemental state law claims for trademark infringement and unfair competition.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. Further, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5. This Court has personal jurisdiction over Defendant because Defendant regularly transacts and conducts business in the State of Texas and this District and Defendant's contacts with the State of Texas and this District have been continuous, systematic, and substantial. In addition, Defendant has infringed, contributed to the infringement of, and/or actively induced others to infringe Starr's trademarks in the State of Texas and in this District.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is doing business in this District by developing, leasing, and/or managing apartments labeled with the infringing VANTAGE mark, and advertising Defendant's services using the VANTAGE mark in this District, and a substantial part of the events giving rise to the claims of this action occurred

in this District. Venue is also proper under 28 U.S.C. § 1391(c) because Defendant is subject to personal jurisdiction in this forum.

## FACTUAL BACKGROUND

### STARR'S TRADEMARKS

7. Starr is the founder of Vantage Communities, a Class-A, multi-family apartment complex with over 36 completed developments and an ongoing pipeline of additional sites throughout Texas and the United States.

8. Starr has been developing multi-family properties throughout Texas for at least 17 years under the VANTAGE COMMUNITIES and VANTAGE trademarks ("Vantage Marks").

9. As of July 13, 2022, Starr is the owner of the following state-registered trademark:

| Mark | Registration No. | Goods/Services |
|---|---|---|
| VANTAGE COMMUNITIES | 804,340,506 | Planning and development of luxury apartment communities. |

10. A copy of the registration certificate for the Vantage Mark is attached as Exhibit 1 to Plaintiff's Complaint (Dkt. #1) (the "Complaint").

11. This registration for the Vantage Mark has been in full force and effect and is valid in all respects.

12. The Vantage Mark is registered in class 37 and covers, among other things, construction and repair services.

13. Starr also has pending trade and service mark applications for the use of the mark VANTAGE COMMUNITIES on file with the United States Patent and Trademark Office.

14. Starr also prominently uses a capital V to promote his services, as shown in the example below:

4



15. Together, these are the Vantage Marks.

16. In addition to the rights granted by the Texas registration, Starr has acquired common law rights in the Vantage Marks.

**STARR'S LICENSEES**

17. Starr has developed 36 properties using the Vantage Marks, and currently has an additional five under development.

18. Each property Starr develops is branded with the same name, namely "Vantage at [location name]," for example Vantage at Conroe, for a consistent look and feel.

19. Each property is owned and managed by one of Starr's licensees, who are the exclusive licensees permitted to use the Vantage Marks in the United States.

20. Starr and his licensees have properties branded as Vantage in six different counties, including Vantage at Burleson.

21. Starr further intends to develop properties in Dallas and/or Collin counties, thus making the Property within Starr's natural zone of expansion.

22. Starr and his licensees have devoted substantial time, money, and resources to market, advertise, and promote the Vantage Marks to investors and potential tenants, not just to potential tenants, but also to investors in Vantage property developments. As a result of these efforts and years of use, Starr has acquired extraordinary goodwill and customer recognition in the Vantage Mark in connection with the Vantage Communities properties.

23. Plaintiff's Vantage Mark is a valuable financial asset to its business. Plaintiff has consistently used the Vantage Mark and is entitled to broad and exclusive rights to use the mark statewide, including this District.

**DEFENDANT'S UNLAWFUL ACTIVITIES**

24. Defendant owns an apartment complex located at 2810 Routh Creek Pkwy, Richardson, Texas 75082, that the Defendant branded as the Vantage at Spring Creek (the "Property").

25. Thus, Defendant is using the "Vantage" name in connection with marketing, advertising, and leasing the Property, as illustrated below:



26. Defendant's "Vantage" logo is substantially similar to the logo for Vantage Communities, as illustrated below:



27. Defendant's "Vantage" name appears visually similar to the Vantage Marks.

28. Defendant has also emulated Starr's branding for his and his licensee's properties by using the same naming of "Vantage at [location]."

29. On information and belief, Defendant was aware of Starr's Vantage Marks before adopting their infringing mark.

30. Further, on information and belief, Defendant copied Starr's Vantage Marks.

31. Defendant's website for the Property is www.vantageatspringcreek.com, similarly using Starr's Vantage Marks and following Starr's naming convention.

32. Both websites prominently display the Vantage name and a large capital "V", and both advertise the leasing of multi-family apartments. Additionally, the descriptions on the two websites are strikingly similar.

33. The Vantage Communities website states its units are "*strategically situated away from the noise and bustle* of the city." Defendant's website states in part that it is situated "near Dallas, yet *miles from the bustle*."

34. Further, the webpage for Vantage Communities' Conroe location advertises "*close to the I-45 for an effortless commute.*" Defendant's website states in part that it is "*conveniently located between I-75 and Spring Creek*" make its resident's "*commute [] a breeze.*"

35. Vantage Communities advertises "tranquil" living and its proximity to Lake Conroe and Sam Houston National Forest. Defendant's website advertises "a vast nature preserve" in its residents' backyard.

36. The similar names and descriptions result in a likelihood of confusion to the public.

37. On information and belief, Defendant was aware of Plaintiff's Vantage Mark before it began promoting the Property.

38. Defendant is not endorsed by, sponsored by, or affiliated with Plaintiff in any way.

39. Defendant does not have Plaintiff's permission to use the Vantage Mark.

40. Defendant advertises and promotes the Property in the same channels of commerce through which the Vantage Communities are promoted and sold.

41. Due to the overwhelming similarity between the Property and Vantage Communities, consumers are likely to mistake Defendant's Property for a Vantage Communities

property.

42. On information and belief, Defendant was aware of Plaintiff's Vantage Mark and Vantage Communities when it selected the Vantage name and designed the website, logo, and other advertising and marketing for the Property.

43. Defendant's use of the Vantage name in connection with the Property is likely to cause consumer confusion and constitutes a violation of Plaintiff's common-law trademark rights.

44. Consumers are likely to be confused about the source of Defendant's Vantage Communities properties or mistakenly believe that the Property either originated from Plaintiff and/or his licensees, was offered in association or affiliation with Plaintiff and/or his licensees, or were offered under authorization or license from Plaintiff.

45. Defendant knew or should have known that the selection and use of the name Vantage would enable Defendant to trade on the extensive and valuable goodwill and reputation belonging to Plaintiff.

46. In addition to having constructive notice of the Vantage Mark, Defendant received actual notice of its infringement from Plaintiff at least as early as October 31, 2022.

47. On October 31, 2022, Starr, through his counsel, sent a letter, a copy of which is attached as Exhibit 2 to the Complaint, to Defendant describing Plaintiff's rights in the Vantage Mark and requesting that Defendant immediately stop infringing Plaintiff's Vantage Mark.

48. Defendant reviewed and responded to Plaintiff's October 31st letter on December 9, 2022, attached as Exhibit 3 to the Complaint. Defendant claimed its "common law rights in its Vantage mark in the Richardson area are superior to any common law rights that Mr. Starr might claim[.]"

49. Thus, despite receiving Plaintiff's warning letter, Defendant continued to market

and lease units within the Property.

50. On information and belief, Defendant's acts have been, and are being, committed with a deliberate purpose and intent of (1) appropriating and trading upon Plaintiff's goodwill and reputation and (2) competing with Plaintiff for investments in the Property and tenants to occupy the Property, thereby injuring Plaintiff and his licensees.

51. Defendant's continued unauthorized use of marks that are confusingly similar to the Vantage Mark is willful and intentional.

52. As a result of Defendant's unauthorized use of the Vantage Mark, and its refusal to cease use, Plaintiff has suffered and will continue to suffer damages and irreparable harm to its goodwill and reputation, as well as the ability to distinguish his services from those of Defendant in the minds of potential investors and tenants.

## **CLAIMS FOR RELIEF**

53. Starr incorporates the allegations contained in paragraphs 1 – 52 into each of the following causes of action.

### **COUNT ONE: FEDERAL UNFAIR COMPETITION**

54. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

55. Defendant's use of the Vantage Marks in connection with its apartment complex is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Property are developed by Plaintiff and/or Plaintiff's licensees, or are associated or connected with Plaintiff and/or Plaintiff's licensee, or have the sponsorship, endorsement, or approval of Plaintiff.

56. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Vantage Marks and trade dress.

57. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's Vantage Marks, for which Plaintiff has no adequate remedy at law.

58. Defendant's actions demonstrate an intentional willful, and malicious intent to trade on the goodwill associated with Plaintiff's Vantage Marks to the great and irreparable injury of Plaintiff.

59. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### COUNT TWO: COMMON-LAW TRADEMARK INFRINGEMENT

60. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

61. Plaintiff owns all rights (including all common-law rights), title, and interest in and to the Vantage Marks through the use of the marks over years, as well as the trade dress associated with the Vantage Communities developments. One or more of the Vantage Marks and trade dress have derived a secondary meaning that investors and potential tenants associate with Plaintiff. Plaintiff is therefore entitled to be free of competitive use of the unregistered names, logos, trade dress, and other designs confusingly similar to the Vantage Marks.

62. Plaintiff is the senior user of the Vantage Marks and trade dress.

63. Defendant's use of "Vantage" in connection with the Property creates a likelihood of confusion and has caused or will cause actual confusion in the minds of the consuming public as to the source of the infringing services.

64. Defendant's acts constitute trademark infringement in violation of the common law of the State of Texas.

65. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade of the goodwill associated with Plaintiff's Vantage Marks and trade dress.

66. On information and belief, Defendant intends to continue its infringing actions, unless restrained by this Court. The actual and/or likely confusion resulting from Defendant's use of Plaintiff's trademarks and trade dress in connection with Defendant's Property causes irreparable harm to Plaintiff that cannot be adequately compensated with damages. Plaintiff is therefore entitled to preliminary and permanent injunctive relief as requested herein.

67. Plaintiff has sustained damage as a direct and proximate result of Defendant's infringement in an amount to be proven at trial.

### COUNT THREE: STATE UNFAIR COMPETITION TEX. BUS. & COMM. CODE, § 16.29

68. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

69. Defendant's actions complained of above constitute unfair competition in violation of the law of the State of Texas.

70. Defendant's use of "Vantage," alone and in combination with other aspects of Defendant's Property, is calculated to deceive the relevant consuming public into accepting and leasing Defendant's services in the mistaken belief that it is sponsored by, connected with, or supplied under the supervision of Plaintiff and/or Plaintiff's licensees.

71. Defendant's actions constitute unfair competition, unjust enrichment, and misappropriation of Plaintiff's rights under Tex. Bus. & Comm. Code § 16.29 and the common law of the state of Texas.

72. Such actions permit, and will continue to permit, Defendant to use and benefit from

the goodwill and reputation earned by Plaintiff to readily obtain customer acceptance of the services and services offered for sale, and to give Defendant's services salability they would not otherwise have, all at Plaintiff's expense.

73. As a result of Defendant's acts, Plaintiff has already suffered damage and will continue to suffer damage, while Defendant profits at Plaintiff's expense. Defendant's activities entitle Plaintiff to Defendant's profits and to damages for such acts of unfair competition.

74. Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

75. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Vantage Communities and to unfairly compete with Vantage Communities.

76. Defendant's acts complained of herein have been and continue to be grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with knowledge and conscious disregard of Plaintiff's rights and with intent to cause confusion, and to trade off Plaintiff's vast good will in his trademarks, making this an exceptional case and entitling Plaintiff to enhanced damages and attorney's fees.

### COUNT FOUR: COMMON LAW UNFAIR COMPETITION

77. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

78. Defendant's activities complained of constitute common law unfair competition under Texas common law in that they are likely to cause consumers to believe that Defendant's Property originates from the same source as, or are sponsored or approved by Plaintiff, or that there is an association, affiliation or connection between Defendant and Plaintiff.

79. Defendant's actions are with the knowledge of Plaintiff's trademarks and with the

intent to cause confusion and/or trade on Plaintiff's reputation and goodwill.

80. Plaintiff has and will continue to be irreparably harmed and damaged by Defendant's conduct and Plaintiff lacks an adequate remedy at law to compensate for this harm and damage,

## **DEMAND FOR JURY TRIAL**

81. Plaintiff demands a jury trial of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order awarding Plaintiff the following relief:

1. A judgment that Defendant, along with its officers, agents, servants, affiliates, employees, related companies, attorneys, and those in privity or acting in concert with Defendant, be preliminary and permanently enjoined from the following:

    a. Using "VANTAGE COMMUNITIES" and any confusing and deceptively similar name or mark to the Vantage Marks alone or in combination with any words, names, or symbols to offer services similar to Plaintiff's Vantage Marks;

    b. Using any confusingly similar mark or engaging in any other conduct that is likely to cause confusion, cause mistake, deceive, or otherwise mislead the public into believing that Defendant or its services are in some way connected to Plaintiff or its licensees; and

    c. Otherwise infringing upon any trade name or trademark rights of Plaintiff.

2. That pursuant to the powers granted this Court under 15 U.S.C. § 1118, the Court issue an order directing Defendant to remove and destroy all displays, labels, signs, circulars, packages, wrappers, advertisements, signs, catalogs, and other material in Defendant's

     possession or control that display or use the "Vantage" name, as well as plates, molds, matrices, and other means of reproducing, counterfeiting, copying, or otherwise imitating Plaintiff's Vantage Marks;

3. That Plaintiff recovers its damages resulting from Defendant's infringement, unfair competition, and other wrongful conduct described herein;

4. That Plaintiff recovers its damages for injury to the Vantage Marks resulting from Defendant's use of the "Vantage" name;

5. That Plaintiff recovers Defendant's wrongful profits, if any, from Defendant's infringement, unfair competition, and other wrongful conduct described herein;

6. That Defendant be directed to file with this Court within thirty (30) days after the entry of any injunction in this cause a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

7. That, pursuant to the provisions of 15 U.S.C. §1117, reasonable attorneys' fees be awarded to Plaintiff;

8. That Plaintiff recovers its costs in this action; and

9. That Plaintiff recovers such other and further relied as the Court may deem appropriate.

Date:   April 20, 2023

Respectfully submitted,

By:   */s/ Justin S. Cohen*

**Justin S. Cohen**
   Texas Bar No. 24078356
   Justin.Cohen@hklaw.com
**Sara Babineaux**
   Texas Bar No. 24125102
   Sara.Babineaux@hklaw.com

**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700

**Eric A. Pullen** *(pro hac vice pending)*
Texas State Bar 24007881
epullen@pulmanlaw.com

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

*Attorneys for Plaintiff David Starr*